**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| OTIS CARLISLE, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-2849 |
| | § | |
| JP MORGAN CHASE BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

This is one of the many mortgage-foreclosure suits filed in state court and removed. Otis Carlisle, Jr. sued JP Morgan Chase Bank, N.A. after it attempted to foreclose on his home. Carlisle alleged that JP Morgan failed to provide the notice of default and opportunity to cure required under his mortgage agreement and the Texas Property Code before starting foreclosure. Carlisle sought a temporary restraining order or temporary injunction against the foreclosure. (*See* Docket Entry No. 1, Ex. 2). The Texas state court promptly issued a temporary restraining order. (Docket Entry No. 1, Ex. 5). JP Morgan removed to this court on the basis of federal diversity jurisdiction, (Docket Entry No. 1), and moved to dismiss for failure to state a claim, (Docket Entry No. 5). In response, Carlisle filed an amended complaint. *See* FED. R. CIV. P. 15(a)(1)(B).[1] In his amended complaint, Carlisle asserts causes of action for breach of contract, wrongful foreclosure under TEX. PROP. CODE § 51.002(d), and negligent misrepresentation. He also seeks a declaratory judgment that JP Morgan cannot foreclose on his home without providing proper notice under the mortgage agreement and

---

[1] Carlisle's amendment moots JP Morgan's initial motion to dismiss. (Docket Entry No. 5).

Texas law. (Docket Entry No. 6). JP Morgan moved to dismiss the amended complaint. (Docket Entry No. 7). Carlisle responded, and JP Morgan replied. (Docket Entry Nos. 13–14).[2]

A complaint may be dismissed when the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949–50 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face" to withstand a Rule 12(b)(6) motion. *Iqbal*, 129 S. Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Facial plausibility "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Nor is facial plausibility "akin to a 'probability requirement'"; rather, "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). Facial plausibility requires "the plaintiff [to] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

---

[2] Because Carlisle has responded to the motion to dismiss, his opposed motion for an extension of time to respond to JP Morgan's motion to dismiss, (Docket Entry No. 12), is moot.

When a plaintiff's complaint fails to state a claim, a district court generally should provide the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice.  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case"); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)).  "Denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment."  *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010) (emphasis added).  A district court has broad discretion to dismiss a complaint without leave to amend "where the plaintiff has previously been granted leave to amend [to cure pleading deficiencies] and has subsequently failed to add the requisite particularity to its claims[.]"  *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009); *see also Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (affirming a district court's dismissal for failure to state a claim without leave to amend after the court "instructed [the plaintiffs] to plead their fraud claim with greater particularity, but the amended complaint was still woefully inadequate").

Carlisle concedes that three of his claims—for breach of contract, wrongful foreclosure, and declaratory relief—are moot.  (Docket Entry No. 13, ¶ 1).  Each of these claims arise from JP Morgan's failure to provide proper notice before initiating the foreclosure process.  No foreclosure

3

has occurred; the issuance of the temporary restraining order stopped the foreclosure process. These claims are dismissed.

The remaining claim is negligent misrepresentation. To prevail on this claim under Texas law, a plaintiff must prove the following elements:

> (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.

*LHC Nashua P'ship, Ltd. v. PDNED Sagamore Nashua, L.L.C.*, 659 F.3d 450, 458 n.8 (5th Cir. 2011) (quoting *Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)). "To establish a negligent misrepresentation claim, the plaintiff must also prove that the defendant misrepresented an existing fact rather than a promise of future conduct." *Miller v. Raytheon Aircraft Co.*, 229 S.W.3d 358, 379–80 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing cases, including *Sloane*, 825 S.W.2d at 442). "A promise to do or to refrain from doing an act in the future is not actionable because it does not concern an existing fact." *Maddox v. Vantage Energy, LLC*, — S.W.3d —, 2012 WL 407269, at *6 (Tex. App.—Forth Worth 2012, no pet. h.).

Carlisle bases his misrepresentation claim on correspondence from JP Morgan in June 2011 inviting him to apply for a loan modification and that he was "eligible for a loan modification." (Docket Entry No. 6, ¶ 18). Carlisle states that he "accepted this offer to modify his loan with the full understanding that he would not be deprived of his homestead." (*Id.*). He alleges that "[s]ince June 2011, Plaintiff and Defendant have been actively working to complete the loan modification." (*Id.*).

Taking as true the allegation that JP Morgan made these statements, they cannot support a negligent-misrepresentation claim.  First, there is no allegation that JP Morgan stated that Carlisle would receive a loan modification.  Nor is there an allegation that JP Morgan stated that during an indefinite period of working toward modification, no foreclosure would occur.  Second, the alleged representations are not statements of existing fact.  The representation alleged—that Carlisle was "eligible" for a loan modification and could apply—is, at most, a promise to enter into a loan modification in the future.  And Carlisle does not even allege a promise that JP Morgan would refrain from foreclosing while Carlisle was applying for the modification.  He merely alleges that the parties had this "understanding."  At most, this is an understanding about what JP Morgan would do in the future.  An alleged representation "to do or to refrain from doing an act in the future" is not actionable.  *Maddox*, 2012 WL 407269, at *6.  Other federal courts applying Texas law in similar cases have reached the same conclusions.  *See Anthony v. Wells Fargo Bank, N.A.*, Civ. A. No. H-10-5091, 2012 WL 773331, at *4 (S.D. Tex. Mar. 8, 2012); *Kazmi v. BAC Home Loans Servicing, L.P.*, No. 4:11-CV-375, 2012 WL 629440, at *14 (E.D. Tex. Feb. 13, 2012); *Pennington v. HSBC Bank USA, Nat'l Ass'n*, No. A-10-CA-785 LY, 2011 WL 6739609, at *9 (W.D. Tex. Dec. 22, 2011); *DeFranceschi v. Wells Fargo Bank, N.A.*, — F. Supp. 2d —, 2011 WL 3875338, at *6 (N.D. Tex. 2011); *De Franceschi v. BAC Home Loans Servicing, L.P.*, Civ. A. No. 3:09-CV-1667-K, 2011 WL 1456849, at *6 (N.D. Tex. Apr. 14, 2011); *Franklin v. BAC Home Loans Servicing, L.P.*, Civ. A. No. 3:10-CV-1174-M, 2011 WL 248445, at *3 (N.D. Tex. Jan. 26, 2011); *see also Hunter v. CitiMortgage, Inc.*, No. CV 11-01549-PHX-FJM, 2011 WL 4625973, at *4 (D. Ariz. Oct. 5, 2011); *Smith v. JPMorgan Chase Bank*, No. CV-11-8046-PCT-DGC, 2011 WL 3235843, at *4

(D. Ariz. July 28, 2011).[3]  *Cf. Becker v. Wells Fargo Bank, N.A., Inc.*, No. 2:10-cv-02799 LKK KJN PS, 2011 WL 1103439 (E.D. Cal. Mar. 22, 2011) (applying same rationale—that there was no misrepresentation—to dismiss a fraud claim).  This claim is dismissed, with prejudice because amendment would be futile.[4]

JP Morgan's first motion to dismiss, (Docket Entry No. 5), is denied as moot.  JP Morgan's motion to dismiss, (Docket Entry No. 7), is granted, with prejudice because amendment would be futile.  Carlisle's motion for an extension of time to respond to the motion to dismiss, (Docket Entry No. 12), is denied as moot.

Final judgment is entered by separate order.

SIGNED on March 16, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

[3] *Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726 (E.D. Tex. 2011), a mortgage-foreclosure case denying a motion to dismiss a negligent-misrepresentation claim, is distinguishable.  In that case, the defendant "repeatedly misled Plaintiffs with false information regarding the status of the mortgage loan, the possibility of obtaining a loan modification, whether there had been a valid loan modification, and the scheduled date of foreclosure sale." *Id.* at 736.  Unlike in *Watson*, Carlisle alleges only JP Morgan sent him correspondence inviting him to apply for a loan modification and stating that he was "eligible."  He does not allege that JP Morgan provided false information about his mortgage loan's status or about whether his loan had been modified.

[4] An independent ground for dismissing Carlisle's claim is that he has not alleged any "pecuniary loss" arising from the alleged misrepresentation—a requirement for stating a negligent-misrepresentation claim.  *See LHC Nashua P'ship*, 659 F.3d at 458 n.8.  In his response to the motion to dismiss, he states that the misrepresentation "increas[e]d the amount of his alleged default, further damaging his creditworthiness." (Docket Entry No. 13, ¶ 7).  These facts do not appear in his amended complaint.  Moreover, "[i]n order to recover for a claim of negligent misrepresentation, an injury independent from the subject matter of the contract must be proven." *Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 634 (N.D. Tex. 2010) (citing *D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 663–64 (Tex. 1998) (per curiam)).  The negligent misrepresentation in this case appears to relate solely to the mortgage agreement, and does not constitute an independent injury.